### B. A. KEIGER v. SOUTHERN PUBLIC UTILITIES COMPANY, JOHN LEDFORD, AND J. A. WOFFORD.

(Filed 3 December, 1930.)

**Street Railroads B c—In this action by prospective passenger, evidence of negligence of street car company held insufficient.**

A street car company owes no duty as a carrier to one who intends to take the car as a passenger until the prospective passenger has received some recognition from the motorman in answer to his signal for that purpose, and where the evidence tends only to show that such person was injured by being struck by an automobile about sixty feet after the automobile had passed the street car as the pedestrian was crossing from the curbing of a fifty-foot street to the car track, before daylight, intending to board the street car, it is insufficient to be submitted to the jury as to the street car company's liability on the question of negligence and proximate cause, and a judgment as of nonsuit thereon as to the car company is properly entered; and held in this case: the alleged breach of a city ordinance does not appear to have been a proximate cause.

APPEAL by plaintiff from *Clement, J.,* at June Term, 1930, of FORSYTH. Affirmed.

*J. M. Wells, Jr., and John C. Wallace for appellant.*
*Manly, Hendren & Womble for appellees.*

ADAMS, J. This action is prosecuted to recover damages for personal injury alleged to have been caused by the negligence of the defendants. When the plaintiff had introduced several witnesses and had closed his evidence, the Southern Public Utilities Company and John Ledford moved for judgment as in case of nonsuit. The motion was allowed and the plaintiff excepted and appealed. As to the defendant Wofford, there was a mistrial and a continuance of the cause pending the appeal of his codefendants.

The evidence is to the effect that on the morning of 2 February, 1927, just before daylight, the plaintiff was at the northeast corner of Twenty-third and Liberty streets in the city of Winston-Salem awaiting the arrival of a street car which was going north on Liberty Street. The defendant Wofford, going in the same direction, was driving an automobile just behind the street car, and as he approached Twenty-third Street he increased his speed and passed the car, which was operated by Ledford as motorman. The plaintiff had left the curb and was walking out to the car track for the purpose of boarding the car, which was moving slowly, when he was struck by the automobile and seriously injured. Wofford admitted that he had passed the street car before it came to Twenty-third Street. There is evidence tending to show that at the time the plaintiff left the sidewalk the street car was going across Twenty-third Street; but the plaintiff said: "I stated in my former examination that at the time the automobile hit me the street car was, in my opinion, ten or twelve feet south of the sidewalk on the south side of Twenty-third Street, and that is what I say now." The width of Twenty-third Street is fifty feet; so, according to the plaintiff's testimony, the street car was at least sixty feet away when the automobile ran against him and threw him on the track. There is no evidence, indeed no contention, that he was struck by the street car.

We find no adequate evidence that between the Utilities Company and the plaintiff there existed at the time of the accident the relation of carrier and passenger. The plaintiff made no signal to the motorman other than "to step off the curb," and there is no proof that the motorman applied brakes in response to the plaintiff's gesture. Neither had the plaintiff placed himself under the company's care or control nor had the company accepted him as a passenger. The law did not impose upon the motorman the duty of protecting the plaintiff from injury resulting from the intervening and insulating negligence of a third party. Under the conditions disclosed upon what principle can the defendant company or its agents be held to the duty of protecting the plaintiff or warning him of the impending danger? None of the cases cited in the appellant's brief, as we understand them, is authority for the imposition of such a duty. We advert, finally, to the alleged breach of the city ordinance only to remark that in no view of the evidence does it appear to have been the proximate cause of the injury. Judgment

Affirmed.